No. 24-1635

# In the United States Court of Appeals for the Fourth Circuit

ROBERT D. WHITE

    *Plaintiff-Appellant,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*

    *Defendants-Appellees,*

and

NATIONAL WILDLIFE FEDERATION; NORTH CAROLINA WILDLIFE FEDERATION

    *Intervenor-Defendants-Appellees.*

Appeal from the U.S. District Court for the
Eastern District of North Carolina, No. 2:24-cv-13 (Hon. Terrence W. Boyle)

## MOTION TO HOLD THE APPEAL IN ABEYANCE

LISA L. RUSSELL
  *Deputy Assistant Attorney General*

ARIELLE MOURRAIN JEFFRIES
  *Attorney, Appellate Section*
  *Environment and Natural*
  *Resources Division*
  U.S. Department of Justice
  Post Office Box 7415
  Washington, D.C. 20044
  (202) 532-3140

## MOTION TO HOLD THE APPEAL IN ABEYANCE

Federal Appellees request that the Court hold this appeal in a 75-day, time-limited abeyance to expire on April 15, 2025. Counsel for Federal Appellees has conferred with all parties to this appeal. Intervenor-Defendants take no position on the requested relief and do not intend to file a response in opposition. Plaintiff does not oppose the requested relief and does not intend to file a response in opposition.

1. Plaintiff challenged the adjacent-wetlands provisions of Clean Water Act (CWA) definitional regulations jointly issued in 2023 by the U.S. Environmental Protection Agency and the U.S. Army Corps of Engineers. JA11; *see* 33 C.F.R. § 328.3(a)(4), (c)(2) (Corps); 40 C.F.R. § 120.2 (a)(4), (c)(2) (EPA); Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004 (Jan. 18, 2023); Revised Definition of "Waters of the United States"; Conforming, 88 Fed. Reg. 61964 (Sept. 8, 2023).

2. On April 2, 2024, Plaintiff sought a preliminary injunction to prevent the Agencies from applying the adjacent-wetlands provisions of the Amended Regulations against him and his properties. JA47. On June 18, 2024, the district court issued an order denying Plaintiff's preliminary injunction motion. JA124. Plaintiff appealed on July 8, 2024,

1

JA150, and sought an injunction pending appeal, which the district court denied, JA9. Then Plaintiff moved for the same relief in this Court, which this Court also denied. *See* Doc. 26.

3. On November 12, 2024, Plaintiff filed an opening brief. On December 20, 2024, Appellees filed their answering briefs. On January 17, 2025, Plaintiff filed a reply brief. The Court has not scheduled oral argument.

4. On January 30, 2025, the district court, on the government's unopposed motion, entered a 75-day stay of the district court proceedings.

5. An abeyance is needed due to the federal government's change in administration on January 20, 2025. There is now new leadership in both Agencies. Those new agency officials are in the process of familiarizing themselves with the issues presented in this case and related litigation. An abeyance would allow Federal Appellees time to fully brief incoming administration officials. If incoming officials require additional time beyond 75 days to familiarize themselves with this case, Federal Appellees may move to extend the abeyance.

6. Federal Appellees seek to hold this appeal in abeyance in furtherance of judicial economy and conserving the parties' resources.

2

Granting an abeyance would conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any oral argument before this Court will reflect the views of current agency leadership. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

## CONCLUSION

Federal Appellees respectfully request that the Court place this appeal in a time-limited 75-day abeyance until April 15, 2025.

Respectfully submitted,

*/s/ Arielle Mourrain Jeffries*
LISA L. RUSSELL
   *Deputy Assistant Attorney General*

ARIELLE MOURRAIN JEFFRIES
   *Attorney, Appellate Section*
   *Environment and Natural*
   *Resources Division*
   *U.S. Department of Justice*

January 30, 2025
90-5-1-4-22642

*Counsel for Federal Defendants-Appellees*

3

## UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

No. 24-1635     Caption: White v. EPA et al

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT
Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

> **Type-Volume Limit for Briefs if Produced Using a Computer:** Appellant's Opening Brief, Appellee's Response Brief, and Appellant's Response/Reply Brief may not exceed 13,000 words or 1,300 lines. Appellee's Opening/Response Brief may not exceed 15,300 words or 1,500 lines. A Reply or Amicus Brief may not exceed 6,500 words or 650 lines. Amicus Brief in support of an Opening/Response Brief may not exceed 7,650 words. Amicus Brief filed during consideration of petition for rehearing may not exceed 2,600 words. Counsel may rely on the word or line count of the word processing program used to prepare the document. The word-processing program must be set to include headings, footnotes, and quotes in the count. Line count is used only with monospaced type. See Fed. R. App. P. 28.1(e), 29(a)(5), 32(a)(7)(B) & 32(f).

> **Type-Volume Limit for Other Documents if Produced Using a Computer:** Petition for permission to appeal and a motion or response thereto may not exceed 5,200 words. Reply to a motion may not exceed 2,600 words. Petition for writ of mandamus or prohibition or other extraordinary writ may not exceed 7,800 words. Petition for rehearing or rehearing en banc may not exceed 3,900 words. Fed. R. App. P. 5(c)(1), 21(d), 27(d)(2) & 40(d)(3).

> **Typeface and Type Style Requirements:** A proportionally spaced typeface (such as Times New Roman) must include serifs and must be 14-point or larger. A monospaced typeface (such as Courier New) must be 12-point or larger (at least 10½ characters per inch). Fed. R. App. P. 32(a)(5), 32(a)(6). Sans-serif type, such as Arial, may not be used except in captions and headings.

This brief or other document complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

     [✓] this brief or other document contains    497    [*state number of*] words

     [ ] this brief uses monospaced type and contains      [*state number of*] lines

This brief or other document complies with the typeface and type style requirements because:

     [✓] this brief or other document has been prepared in a proportionally spaced typeface using
         Microsoft Word version 2409    [*identify word processing program*] in
         Century Schoolbook, size 14    [*identify font, size, and type style*];

**or**

     [ ] this brief or other document has been prepared in a monospaced typeface using
         _____ [*identify word processing program*] in
         _____ [*identify font, size, and type style*].

**NOTE: The Court's preferred typefaces are Times New Roman, Century Schoolbook, and Georgia. The Court discourages the use of Garamond.**

(s) Arielle Mourrain Jeffries

Party Name Appellees EPA et al          Date: 1/30/2025