No. 24-1635

# In the United States Court of Appeals for the Fourth Circuit

ROBERT D. WHITE

*Plaintiff-Appellant*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*

*Defendants-Appellees*,

and

NATIONAL WILDLIFE FEDERATION; NORTH CAROLINA WILDLIFE FEDERATION

*Intervenor-Defendants-Appellees*.

Appeal from the U.S. District Court for the Eastern District of North Carolina, No. 2:24-cv-13 (Hon. Terrence W. Boyle)

## UNOPPOSED MOTION TO EXTEND THE ABEYANCE


ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ALLEN M. BRABENDER
*Attorney, Appellate Section*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3281

**MOTION TO EXTEND THE ABEYANCE**

On February 5, 2025, this Court granted Federal Appellees' motion to place the appeal in abeyance until April 15, 2025. This Court subsequently granted 120-day extensions to August 13, 2025, then to December 11, 2025, and then to June 9, 2026. The Federal Appellees request that the Court extend the abeyance an additional 90 days, until September 8, 2026 (September 7 is Labor Day). Counsel for Federal Appellees has conferred with all parties to this appeal. Plaintiff-Appellant and Intervenor-Defendants do not oppose the motion.

1. Plaintiff challenged the adjacent-wetlands provisions of Clean Water Act (CWA) definitional regulations jointly issued in 2023 by the U.S. Environmental Protection Agency and the U.S. Army. JA11; *see* 33 C.F.R. § 328.3(a)(4), (c)(2) (Corps); 40 C.F.R. § 120.2 (a)(4), (c)(2) (EPA); Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004 (Jan. 18, 2023); Revised Definition of "Waters of the United States"; Conforming, 88 Fed. Reg. 61964 (Sept. 8, 2023).

2. On April 2, 2024, Plaintiff sought a preliminary injunction to prevent the Agencies from applying the adjacent-wetlands provisions of

the Amended Regulations against him and his properties. JA47. On June 18, 2024, the district court issued an order denying Plaintiff's preliminary injunction motion. JA124. Plaintiff appealed on July 8, 2024, JA150, and sought an injunction pending appeal, which the district court denied, JA9. Then Plaintiff moved for the same relief in this Court, which this Court also denied. *See* Doc. 26.

3. On November 12, 2024, Plaintiff filed an opening brief. On December 20, 2024, Appellees filed their answering briefs. On January 17, 2025, Plaintiff filed a reply brief. The Court has not scheduled oral argument.

4. On February 5, 2025, this Court granted Federal Appellees' motion to place the appeal in abeyance until April 15, 2025.

5. On March 12, 2025, EPA and the Corps issued new guidance concerning implementation of the "continuous surface connection" requirement for adjacent wetlands under the definition of "waters of the United States." U.S. Army & U.S. EPA, Memorandum to the Field (March 12, 2025), https://www.epa.gov/system/files/documents/2025-03/2025cscguidance.pdf. And on March 24, 2025, the Agencies published

a notice in the Federal Register establishing a public docket and soliciting stakeholder input to assist the Agencies in further clarifying the definition of "waters of the United States." 90 Fed. Reg. 13428 (Mar. 24, 2025). The notice states that the Agencies would hold a series of at least six listening sessions seeking input on the scope of "relatively permanent" waters, "continuous surface connection," and jurisdictional ditches. *Id.* at 13430-31. The Agencies are also accepting written recommendations from the public through the public docket. *Id.* at 13430.

6. Based on these developments and at Federal Appellees' request, this Court extended the abeyance until August 13, 2025. During this time, the Agencies held nine listening sessions for various stakeholders and the public. *See* https://www.epa.gov/wotus/public-outreach-and-stakeholder-engagement-activities#wotusnotice. The period for the public to submit written recommendations closed on April 23, 2025. 90 Fed. Reg. at 13428. The Agencies received more than 45,000 submissions. *See* https://www.regulations.gov/docket/EPA-HQ-OW-2025-0093.

7. On November 17, 2025, the Agencies signed a proposed rule titled "Updated Definition of 'Waters of the United States.'" The proposed rule was published in the Federal Register on November 20, 2025. 90 Fed. Reg. 52498. The 45-day public comment period closed on January 5, 2026. *Id.* The Agencies received more than 200,000 comments and are in the process of reviewing comments. The abeyance expires on June 9, 2026.

8. Federal Appellees respectfully request that the Court extend the abeyance for an additional 90 days, until September 8, 2026 (September 7 is Labor Day), to allow the Agencies to proceed with their rulemaking. Any such action could potentially resolve the litigation or narrow the existing dispute. Granting an extension of the abeyance would conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any oral argument before this Court will reflect the views of current agency leadership and by potentially resolving or narrowing the parties' dispute. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on

its docket with economy of time and effort for itself, for counsel, and for litigants.”).

## CONCLUSION

Federal Appellees respectfully request that the Court extend the abeyance for 90 days until September 8, 2026.

Respectfully submitted,

*/s/ Allen M. Brabender*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ALLEN M. BRABENDER
*Attorney, Appellate Section*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Defendants-Appellees*

June 9, 2026
90-5-1-4-22642

## CERTIFICATION OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 744 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

*/s/ Allen M. Brabender*
Allen M. Brabender

*Counsel for Federal Appellees*