No. 24-1635

# In the United States Court of Appeals for the Fourth Circuit

ROBERT D. WHITE

*Plaintiff-Appellant*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*

*Defendants-Appellees*,

and

NATIONAL WILDLIFE FEDERATION; NORTH CAROLINA WILDLIFE FEDERATION

*Intervenor-Defendants-Appellees*.

Appeal from the U.S. District Court for the Eastern District of North Carolina, No. 2:24-cv-13 (Hon. Terrence W. Boyle)

## UNOPPOSED MOTION TO EXTEND THE ABEYANCE

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ALLEN M. BRABENDER
*Attorney, Appellate Section*
Energy and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3281

## MOTION TO EXTEND THE ABEYANCE

This case has been in abeyance since February 5, 2025. Most recently, this Court extended the abeyance to September 8, 2026. The Federal Appellees request that the Court extend the abeyance an additional 90 days, until December 7, 2026. Counsel for Federal Appellees has conferred with all parties to this appeal. Plaintiff-Appellant and Intervenor-Defendants do not oppose the motion.

1. Plaintiff challenged the adjacent-wetlands provisions of Clean Water Act (CWA) definitional regulations jointly issued in 2023 by the U.S. Environmental Protection Agency and the U.S. Army (the Agencies). JA11; *see* 33 C.F.R. § 328.3(a)(4), (c)(2) (Corps); 40 C.F.R. § 120.2 (a)(4), (c)(2) (EPA); Revised Definition of "Waters of the United States," 88 Fed. Reg. 3004 (Jan. 18, 2023); Revised Definition of "Waters of the United States"; Conforming, 88 Fed. Reg. 61964 (Sept. 8, 2023).

2. On April 2, 2024, Plaintiff sought a preliminary injunction to prevent the Agencies from applying the adjacent-wetlands provisions of the Amended Regulations against him and his properties. JA47. On June 18, 2024, the district court issued an order denying Plaintiff's preliminary injunction motion. JA124. Plaintiff appealed on July 8, 2024,

JA150, and sought an injunction pending appeal, which the district court denied, JA9. Then Plaintiff moved for the same relief in this Court, which this Court also denied. *See* Doc. 26.

3. On November 12, 2024, Plaintiff filed an opening brief. On December 20, 2024, Appellees filed their answering briefs. On January 17, 2025, Plaintiff filed a reply brief. The Court has not scheduled oral argument.

4. This Court first placed this case in abeyance on February 5, 2025, and has extended the abeyance to September 8, 2026.

5. As previously reported, the Agencies solicited stakeholder input to assist the Agencies in further clarifying the definition of "waters of the United States," 90 Fed. Reg. 13428 (Mar. 24, 2025), and received more than 45,000 recommendations. On November 17, 2025, the Agencies signed a proposed rule titled "Updated Definition of 'Waters of the United States.'" The proposed rule published in the Federal Register on November 20, 2025. 90 Fed. Reg. 52498. The 45-day public comment period closed on January 5, 2026. *Id.* The Agencies received more than 200,000 comments and are in the process of reviewing comments. *See* https://www.regulations.gov/document/EPA-HQ-OW-2025-0322-0001.

6. On September 4, 2026, the Agencies announced that they signed a Supplemental Notice of Proposed Rulemaking for the Updated Definition of "Waters of the United States." *See* https://www.epa.gov/wotus/updated-definition-waters-united-states. The Agencies will take comment on this supplemental notice for 30 days after it is published in the Federal Register. *Id.*

7. Based on these developments, Federal Appellees respectfully request that the Court extend the abeyance for an additional 90 days, until December 7, 2026, to allow the Agencies to proceed with their rulemaking. Any such action could potentially resolve the litigation or narrow the existing dispute. Granting an extension of the abeyance would conserve judicial resources and promote the efficient and orderly disposition of this case, including by ensuring that any oral argument before this Court will reflect the views of current agency leadership and by potentially resolving or narrowing the parties' dispute. The Court's authority to order such an abeyance is well-settled. *See Landis v. North Am. Co.*, 299 U.S. 248, 253 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition

of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.”).

## CONCLUSION

Federal Appellees respectfully request that the Court extend the abeyance for 90 days until December 7, 2026.

Respectfully submitted,

*/s/ Allen M. Brabender*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ALLEN M. BRABENDER
*Attorney, Appellate Section*
Energy and Natural Resources Division
U.S. Department of Justice

September 8, 2026
90-5-1-4-22642

*Counsel for Federal Defendants-Appellees*

## CERTIFICATION OF COMPLIANCE

This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 597 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

*/s/ Allen M. Brabender*
Allen M. Brabender

*Counsel for Federal Appellees*